# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: October 12, 2017

| * * * * * * * * * * * * * * * | * | |
|---|---|---|
| ERIC MOXLEY *and* | * | |
| JAYNNA MOXLEY, *parents* | * | No. 06-213v |
| *of* M.M.M., *a minor*, | * | |
| | * | Chief Special Master Dorsey |
| Petitioners, | * | |
| | * | Reasonable Attorneys' Fees and Costs; |
| v. | * | Hourly Rate; Time Expended; |
| | * | Reasonable Costs; Paralegal Work; |
| SECRETARY OF HEALTH | * | Administrative/Clerical Work. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | * | |

Robert Krakow, Law Office of Robert J. Krakow, P.C., New York, NY for petitioners.
Voris Johnson, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On March 17, 2006, Eric Moxley and Jaynna Moxley ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners alleged that M.M.M. was injured by a vaccine listed in the Vaccine Injury Table. See § 14. On May 5, 2017, petitioners filed a motion for a decision dismissing their petition acknowledging that they were unable to prove that they are entitled to compensation in the Program. Motion dated May 5, 2017 (ECF No. 96). On May 9, 2017, a decision issued dismissing the petition based on petitioners' motion for a dismissal decision. Decision dated May 9, 2017 (ECF No. 97).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Introduction

On August 7, 2017, petitioners filed a motion for attorneys' fees and costs. Petitioners' Application ("Pet'rs'. App.") dated August 7, 2017 (ECF No. 100). Petitioners request attorneys' fees in the amount of $31,040.95 and attorneys' costs in the amount of $475.50. Id. at 2. In compliance with General Order #9, petitioners have filed a signed statement indicating they incurred out-of-pocket expenses in the amount of $3,539.18. (ECF No. 102, Ex. 28, Tab 5 at 2).

On August 8, 2017, respondent filed a response to petitioners' motion. Respondent's Response ("Resp't's Resp.") dated August 8, 2017 (ECF No. 101). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

On August 11, 2017, petitioners filed a reply. Pet'rs' Reply dated August 11, 2017 (ECF No. 102). Petitioners noted that they join respondent's recommendation that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. Id. at 1.

For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards a total of $28,722.76 in attorneys' fees and costs to Mr. Robert Krakow, and $3,539.18 for petitioners' out-of-pocket costs.

## II. Reasonable Attorneys' Fees

Under the Vaccine Act, petitioners are able to recover "reasonable attorneys' fees" and other costs. 42 U.S.C. §§ 300aa-15(e)(1) (2012). Even if petitioners are not awarded compensation for their claim, they are still permitted to collect attorneys' fees and costs if "the petition was brought in good faith and there was a reasonable basis." Id. Respondent does not argue that the case lacks good faith or a reasonable basis, and the undersigned likewise agrees that the case was brought in good faith and that a reasonable basis existed.

While respondent did not contest the billing rate or specific entries, the undersigned has the discretion to reduce awards sua sponte, independent of enumerated objections. Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 303 (Fed. Cl. 2008) *aff'g* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Hourly Rate

Mr. Krakow requests the following hourly rates for attorney-level work: $385.00 per hour for work performed in 2013, $396.00 per hour for work performed in 2014, $413.00 per hour for work performed in 2015, $425.00 per hour for work performed in 2016, and $435.00 per hour for

work performed in 2017. See generally Pet. Ex. 28. The 2013 through 2016 rates are in accordance with rates previously awarded to Mr. Krakow, and the undersigned finds them reasonable. See Laderer v. Sec'y of Health & Human Servs., 09-97V, 2016 WL 3044838 (Fed. Cl. Apr. 20, 2016). The undersigned adopts the reasoning of her earlier decision in Laderer for the instant analysis and awards petitioners' counsel hourly rate amounts in accordance with that decision.

Mr. Krakow proposes that his 2017 hourly rate be increased to $435.00, which represents a $10.00 per hour increase from his prior 2016 rate. See Pet. Ex. 28, Tab 2 at 21. Mr. Krakow is an experienced attorney who has engaged in the practice of law for more than thirty-seven years. Additionally, Mr. Krakow has been practicing in the Vaccine Program since 2003. The undersigned finds the proposed rate reasonable, as it remains consistent with the rates reflected in the Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule for an attorney of counsel's experience.[3] Moreover, the undersigned finds the amount of the increase to be reasonable in consideration of counsel's increased experience and quality of work as well as increases in the cost of legal services generally. Thus, the undersigned awards Mr. Krakow a rate of $435.00 per hour for work performed in 2017.

Mr. Krakow requests the following hourly rates for paralegal-level work: $125.00 per hour for work performed in 2013 through 2016, and $140.00 per hour for work performed in 2017. See generally Pet. Ex. 28. The undersigned has previously awarded paralegal rates of $125.00 per hour for the years 2013 through 2016. See Laderer. The undersigned thus finds that Mr. Krakow is entitled to a paralegal rate of $125.00 per hour.

Mr. Krakow proposes that his 2017 paralegal rate be increased to $140.00 per hour, which represents a $15.00 per hour increase from the prior paralegal rates. See Pet. Ex. 28, Tab 2 at 21. According to the 2017 fee schedule, paralegals are entitled to $125.00 – $148.00 per hour of work performed in calendar year 2017. Thus, the undersigned finds that $140.00 per hour is reasonable compensation for paralegal work in 2017.

### b. Time Expended

The undersigned has reviewed the billing records submitted with petitioners' request and finds a reduction in the amount of fees to be awarded appropriate.

#### i. Paralegal Work

First, petitioners request compensation for a number of billing entries for paralegal work at an attorney rate. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. See, e.g. Doe/11 v. Sec'y of Health & Human

[3] The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained in the 2017 Fee Schedule are from the decision McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Riggins v. HHS., No. 99-382V, 2009 SL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); Turpin v. HHS., No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

The undersigned finds that Mr. Krakow billed for paralegal-level work at the attorney rate. For example, Mr. Krakow's October 14, 2013 billing entry to "[r]eview file, review [docket]" for the purpose of inserting dates into the calendar represents paralegal work. Pet. Ex. 28, Tab 2 at 1. Mr. Krakow's July 20, 2017 billing entry to "[o]rganize petitioner's expenses" also represents paralegal work.[4] Id. at 17. The undersigned will reduce Mr. Krakow's fees by 4%, or $1,241.64, due to entries that are better classified as paralegal-level work.

#### ii. Administrative/Clerical Work

Second, petitioners request compensation for a number of billing entries for clerical and administrative work by Mr. Krakow, which is not compensable as it is considered administrative overhead. For example, Mr. Krakow's September 25, 2013 billing entry to "…receive disk, copy to computer…" represents an administrative task. Id. at 1. Mr. Krakow's November 14, 2013 billing entry to "[r]eceive fax" also represents an administrative task. Id. Likewise, Mr. Krakow's August 28, 2015 billing entry to "[c]heck file, docket, order and calendar" (Id. at 10) and his April 25, 2017 billing entry to "document calendar, file and database" all represent administrative tasks. Id. at 15. Mr. Krakow's July 20, 2017 billing entry to "finalize invoice" represents an administrative task.[5] Id. at 17.

It is well-established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services…should be considered as normal overhead office costs included within the attorneys' fees rates"). The undersigned will reduce Mr. Krakow's fees by a further 5%, or $1,552.05, due to entries that are better classified as administrative tasks.

## III. Reasonable Costs

The undersigned has also reviewed the costs submitted with petitioners' request. The undersigned notes that while petitioners have provided a list of costs personally incurred by petitioners,[6] petitioners have not provided sufficient supporting documentation of the costs

---

[4] See generally (ECF No. 100, Ex. 28, Tab 2 at 1, 2, 6, 7, 9, 10, 14). The undersigned notes that these are just a few examples of billing entries in this claim which reflect paralegal work billed at an attorney rate.

[5] See generally (ECF No. 100, Ex. 28, Tab 2 at 1, 2, 3, 5, 6, 7, 8, 10, 12, 14, 17). The undersigned notes that these are just a few examples of billing entries in this claim which reflect administrative time billed by Mr. Krakow.

[6] The Guidelines state, "[i]f a petitioner personally incurs costs, those costs must be separately

incurred as required by the Vaccine Program's Guidelines for Practice ("Guidelines").[7] In light of the fact that petitioners filed their case *pro se* and remained *pro se* for eight years, in addition to submitting a sworn statement itemizing the expenses, the undersigned will grant reimbursement of petitioners' costs. See Pet. Ex. 28, Tab 5. In the undersigned's experience, the costs submitted with petitioners' request appears reasonable, and the undersigned finds no cause to reduce the requested amount of costs.

## IV. Conclusion

Based upon the above analysis, a review of the costs, and the undersigned's experience, petitioners' application for attorneys' fees and costs is reduced by a total of $2,793.69.

| **Attorneys' Fees** | |
|---|---|
| Requested: | $31,040.95 |
| Paralegal rate reduction: | ($1,241.64) |
| Administrative rate reduction: | ($1,552.05) |
| Awarded: | $28,247.26 |

| **Attorneys' Costs** | |
|---|---|
| Requested | $475.50 |
| Reductions | ($0.00) |
| Awarded: | $475.50 |

| **Petitioners' Costs** | |
|---|---|
| Requested | $3,539.18 |
| Reductions | ($0.00) |
| Awarded: | $3,539.18 |

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $28,722.76, representing reimbursement for petitioners' attorneys' fees and costs, in the form of a check payable to petitioners and their attorney, Robert Krakow; and**

**(2) A lump sum in the amount of $3,539.18, representing petitioners' costs, in the form of a check payable to petitioners.**

---

identified and itemized on any application for fees and costs." Guidelines for Practice Under the National Vaccine Injury Compensation Program at 66 (available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf).

[7] The Guidelines further state, "[b]efore reimbursement of costs will be made, sufficient supporting documentation, such as receipts and billing statements, must be provided." Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' filing of notice renouncing the right to seek review.